**STATE OF WEST VIRGINIA**

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* E.V., S.V., and J.M.

No. 18-0475 (Kanawha County 17-JA-290, 17-JA-291, and 17-JA-292)

**MEMORANDUM DECISION**

Petitioner Mother F.V., by counsel Kevin P. Davis, appeals the Circuit Court of Kanawha County's April 20, 2018, order terminating her parental rights to E.V., S.V., and J.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Elizabeth G. Kavitz, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 5, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner abused and neglected the children. At that time, petitioner was incarcerated and the children resided with petitioner's sister, S.M., who was also named in the petition. The DHHR received multiple referrals alleging physical abuse by S.M.'s boyfriend; medical neglect; and erratic behavior by S.M.'s mother, who supervised the children while S.M. was at work. The DHHR alleged that the youngest child, S.V., was diagnosed with "failure to thrive." However, S.M. failed to take the child to medical appointments to address his condition. Further, E.V. was hospitalized at Highland Hospital for suicidal ideations, threatening behaviors, and self-injurious behaviors. She was placed on Zoloft, but neither S.M. nor her mother ensured that the child took her medication. The DHHR also alleged that S.M. and her boyfriend engaged in domestic violence in the children's presence and that the boyfriend beat S.V., leaving bruises around his ears, face, and the back of his head. Further, the children had excessive absences from school. The DHHR alleged that petitioner was aware of these issues with the children's placement with

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

S.M., but did not address them. Lastly, the DHHR alleged that petitioner failed to provide the children with necessary food, clothing, supervision, and housing; failed to provide financial support; placed the children in risk of harm; and was not motivated to provide for the children's needs.

On October 16, 2017, the DHHR filed an amended petition alleging that during a forensic interview E.V. disclosed that she had seen petitioner use illegal substances in the home while S.V. was also present. According to the DHHR, the child was able to describe the drug use in detail. J.M. also disclosed that he had seen petitioner abuse substances. The DHHR noted in the amended petition that guardian S.M. relinquished her rights to the children. Petitioner waived her preliminary hearing.

On December 14, 2017, the circuit court held an adjudicatory hearing. Petitioner was incarcerated but participated in the hearing by phone. The DHHR presented evidence regarding the abuse of the children that occurred when they were living in S.M.'s home. Evidence was also presented that the children disclosed to DHHR workers that petitioner abused substances in their presence. Petitioner testified that she was incarcerated for violating her probation and testing positive for amphetamines. Petitioner also testified regarding her past drug trafficking criminal charges. The circuit court found petitioner abused and neglected the children due to her failure, refusal, or inability to supply the children with necessary shelter, supervision, medical care, or education when that refusal, failure, or inability was not primarily caused by a lack of financial means on petitioner's part. Additionally, the circuit court found that the children's welfare and health were threatened due to petitioner's use of illegal substances. Petitioner was adjudicated as an abusing parent.

On January 24, 2018, the circuit court held a dispositional hearing. That same day, petitioner filed separate written motions for a post-adjudicatory improvement period and a post-dispositional improvement period.[2] Petitioner remained incarcerated and was unable to participate by telephone. She was, however, represented by counsel. The circuit court granted the DHHR's motion to consider all testimony and evidence presented at prior hearings. The DHHR presented testimony that petitioner had been incarcerated for most of the children's lives and had not provided any support to them. Further, the DHHR presented testimony that petitioner had substance abuse issues and that she left the children in the custody of inappropriate caregivers. Counsel for petitioner moved the circuit court to continue the matter until April of 2018 when petitioner was expected to be released from incarceration; the circuit court denied that motion. The circuit court found that petitioner's substance abuse, continued incarceration, and entrustment of her children to inappropriate guardians prevented her from being an appropriate parent. The circuit court further noted that petitioner was unable to provide for her children and that she had been unable to participate in services. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Based on that finding, the circuit court determined that the termination of petitioner's parental rights was the least-restrictive dispositional alternative and in the children's best

---

[2]It is unclear from the record whether the circuit court ruled on these motions. However, it is clear that the circuit court did not grant petitioner an improvement period.

interests. Ultimately, the circuit court terminated petitioner's parental rights in its April 20, 2018, dispositional order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in terminating her post-dispositional improvement period. In support, she asserts that "there was a reasonable expectation that the circumstances that led to the filing of the petitions could be resolved in the near future, especially since [petitioner] testified that her release date was April 13, 2018." We note, however, that petitioner was never granted a post-dispositional improvement period and, therefore, the circuit court did not err. Further, petitioner was not entitled to an improvement period. West Virginia Code § 49-4-610 provides that a parent may be granted an improvement period if "[t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015). Although petitioner testified that she would be released in April of 2018, her assertion that she could correct the conditions of abuse and neglect after her release is purely speculative. Petitioner failed to present any evidence to demonstrate that she would be likely to participate in an improvement period and, therefore, the circuit court did not err by not granting her the same.

Petitioner also argues that the circuit court erred in terminating her parental rights. In support, she contends that the termination of her parental rights was based primarily on her incarceration. We disagree. While petitioner asserts that her parental rights were terminated on the sole basis of her incarceration, the circuit court, in fact, considered several other factors in its decision. Petitioner also argues that the circuit court erred in terminating her parental rights

---

[3]According to the parties, the parental rights of the children's respective fathers were also terminated. The permanency plan for the children is adoption in their current placement.

because she did not physically abuse the children and because the evidence did not support abandonment of the children. However, the record contains overwhelming evidence that petitioner neglected the children.[4] Petitioner was often absent from the children's lives due to her incarceration. Further, she failed to provide proper care and necessities such as food, clothing, supervision, and financial support. She also left the children in the care of individuals that she knew were inappropriate caretakers while she was incarcerated. While in the care of guardian S.M., the children were subjected to physical and emotional abuse, suffered from medical neglect, and witnessed domestic violence in the home.

To the extent that petitioner argues that her drug use in front of the children was not proven by clear and convincing evidence, we agree with the circuit court's finding that the DHHR proved by clear and convincing evidence that she used substances in the presence of her children.

> [West Virginia Code § 49-4-601(i)] requires the [DHHR], in a child abuse or neglect case, to prove "conditions existing at the time of the filing of the petition . . . by clear and convincing proof." The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden.

Syl. Pt. 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867, (1981). During the adjudicatory hearing, petitioner admitted that she had been under the influence of substances in front of her children. Further, the children disclosed during their forensic interviews that they witnessed petitioner using drugs. Clearly, the circuit court found the children's disclosures credible and compelling proof that petitioner used substances in their presence.

Petitioner further asserts that the circuit court erred in terminating her parental rights because of the bond she had with her children. This assertion is not supported by the record. In fact, the DHHR presented evidence that petitioner was never involved the children's lives and that they lived with various family members throughout their lives while petitioner was incarcerated. Due to petitioner's substance abuse issues and incarceration, it is clear that termination of petitioner's parental rights was in the children's best interests. While petitioner asserts that the circuit court did not make the findings necessary to terminate her parental rights, the circuit court did, indeed, make the necessary findings. The circuit court's dispositional order clearly indicates that the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interest. Further, based on the evidence discussed above, the circuit court was correct in making those findings. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is

---

[4]Pursuant to West Virginia Code § 49-1-201, a neglected child is one

> whose physical or mental health  is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent[.]

"no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c) clearly indicates that a situation where there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Therefore, we find no error in the termination of petitioner's parental rights.

Petitioner further argues that the circuit court should have utilized a less-restrictive dispositional alternative. However, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, the termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 20, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

5